**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FRANK HUGHES,
                Plaintiff,

-vs-                                                     Case No. 6:08-cv-980-Orl-35KRS

LAKE BUENA VISTA RESORT, LLC,

                Defendant.
_____

ALBERT DOBRICK,
DAWNETTE DOBRICK,
                Plaintiffs,

-vs-                                                     Case No. 6:08-cv-1122-Orl-KRS

LAKE BUENA VISTA RESORT, LLC,

                Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on after a status conference on these and related cases. In the Case Management Report in Case No. 6:08-cv-1122-Orl-KRS, counsel for the parties indicated both that they consented to transfer of the case to a magistrate judge and that they were likely to consent in the future. Doc. No. 15 at 3. Nevertheless, the presiding district judge[1] referred the case to the magistrate judge pursuant to 28 U.S.C. § 636(c).

In Case No. 6:08-cv-980-Orl-35KRS, the parties indicated in the original Case Management Report that they were likely to agree in the future to consent to a magistrate judge, Doc. No. 12 at

---

[1] The Honorable G. Kendall Sharp was the presiding district judge in Case No. 6:08-cv-1122-Orl-KRS when the referral order was entered. Now, all cases against Defendant Lake Buena Vista Resort, LLC have been transferred to the Honorable Mary S. Scriven as the presiding district judge. Accordingly, this Report and Recommendation is directed to Judge Scriven as to both cases.

4, and in an Amended Case Management Report that they agreed to consent to transfer of the case to the magistrate judge, Doc. No. 13 at 3. This case has not yet been referred to a magistrate judge.

At the status conference, counsel discussed their confusion about the difference between consent to the magistrate judge handling certain motions as compared with consenting to the magistrate judge for all purposes, including trial. It appears that the inconsistent indications of consent in the above-described case management reports was not intended to be a consent to transfer for all purposes pursuant to 28 U.S.C. § 636(c).

Accordingly, I recommend that the Court vacate the referral of Case No. 6:08-cv-1122-Orl-KRS to the magistrate judge, and not refer Case No. 6:08-cv-1122-Orl-35KRS to the magistrate judge. If the parties consent to resolution of certain motions or transfer of an entire case to the magistrate judge in the future, they should be required to file signed consent forms.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy